IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALEXIS RODRIGUEZ,

        **Plaintiff,**

v.

HIRERIGHT, LLC,

        **Defendant.**

Case No. 25-CV-343-JFH

## OPINION AND ORDER

Before the Court is a Motion for Relief from Local Counsel Requirement ("Motion") filed by attorney Heather Hersh ("Ms. Hersh") requesting to represent Plaintiff Alexis Rodriguez ("Plaintiff") pro hac vice in this matter without the requirement of local counsel. Dkt. No. 20. For the following reasons, the Motion is DENIED.

## BACKGROUND

This action was initiated by Complaint filed July 10, 2025. Dkt. No. 2. Plaintiff's counsel, Heather Hersh ("Ms. Hersh") is a lawyer licensed and officing in the State of Texas. *Id*. at 11. The day the Complaint was filed, a letter was sent to Ms. Hersh by the Clerk of Court bringing her attention to Local Rule LGnR4-3, which requires that out-of-state counsel associate with local counsel. Dkt. No. 5. On September 25, 2025, the Court entered a show cause order directing Ms. Hersh to comply with the local counsel requirement or otherwise show cause for her failure to do so. Dkt. No. 19. On September 30, 2025, Ms. Hersh filed the instant Motion requesting relief from the local counsel requirement. Dkt. No. 20. In support of her request, Ms. Hersh states that despite efforts to associate with local counsel, she has been unable to do so due to "conflicts of interest with existing clients," "limited availability for federal litigation support," and "cost-prohibitive engagement terms for a case of this scope." *Id*. at 1.

## DISCUSSION

The Northern District of Oklahoma Local Rules state that "[a]ny attorney who is eligible for admission to the bar of this Court may, at the discretion of a judge of this Court, be granted temporary admission to practice in a pending case." LGnR4-2(h). However, "any attorney who is not a resident of and does not maintain an office in Oklahoma must show association with an attorney who is personally appearing in the action, is a resident of an maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this Court." LGnR4-3(a). In other words, for out-of-state counsel to receive temporary admission to practice in the district pro hac vice, the out-of-state counsel must be associated with local counsel who should also enter an appearance in the case. An exemption to this requirement may be made upon a showing of "good cause" and certification of familiarity with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Rules of the Northern District of Oklahoma. LGnR4-3(c).

The requirement that out-of-state counsel associate with local counsel serves several important purposes. First, local counsel are familiar with the rules and customs of this Court and are expected to educate out-of-state counsel and ensure compliance with this Court's rules and customs. *See Butler v. Biocore Medical Technologies, Inc*., 348 F.3d 1163, 1174–1175 (10th Cir. 2003) (citing *Ingemi v. Pelino & Lentz, P. C*., 866 F.Supp.156, 162 (D.N.J.1994)); *see also In re Stewart*, No. 15-12215-JDL, 2017 WL 1185171, at *2 (Bankr. W.D. Okla. Mar. 29, 2017). Further, local counsel serve as a sort of liaison between the Court and out-of-state counsel to support effective communication. *Id*. Finally, local counsel are generally more readily available than out-of-state counsel for conferences and other matters that may arise during the course of litigation. *Id*. Together, these purposes advance the goal of efficient administration of justice.

The Court does not question Ms. Hersh's legal ability or experience. Ms. Hersh has practiced law for many years and has state jury trial and federal litigation experience. *See* Dkt. No. 20 at 2. However, these factors do not go to the overall goal of the local counsel requirement. The Court further notes that Ms. Hersh has not filed a motion with the completed Request for Admission Pro Hac Vice (Form AT-03), nor paid the required pro hac vice fee as required by the Court's Local Rules. This, coupled with the fact that Ms. Hersh has not certified a familiarity with the Court's Local Rules, amplifies the necessity for association with local counsel.

Additionally, while the Motion states that associating with local counsel is "cost-prohibitive" for a case of this scope, the Motion does not set forth any particular facts in support of this statement. The Court acknowledges that having local counsel can certainly increase litigation expenses if both local and out-of-state counsel are duplicating efforts. However, having local counsel can also decrease litigation expenses by saving travel time and expense for minor in-court appearances and conferences. Furthermore, in educating out-of-state counsel on this Court's rules and customs, local counsel can save costs that may otherwise be incurred by out-of-state counsel—such as by making unnecessary filings or being required to supplement filings. The Court would expect that experienced counsel, like Ms. Hersh, would be able to efficiently allocate work in the best economic interest of Plaintiff.

For these reasons, the Court does not find a showing of good cause sufficient to waive the requirement of associating with local counsel pursuant to this Court's Local Rules. Accordingly, Ms. Hersh's request to waive this requirement is denied.

The Motion alternatively requests that Ms. Hersh be permitted to continue representation pending further efforts to secure local counsel. Dkt. No. 20 at 2. The Court will allow Ms. Hersh

until October 31, 2025 to associate with local counsel and to fully comply with the requirements of LGnR4-2(h) and LGnR4-3(a)-(b).

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion for Relief from Local Counsel Requirement at Dkt. No. 20 is DENIED.

IT IS FURTHER ORDERED that Ms. Hersh shall associate with local counsel and fully comply with the requirements of LGnR4-2(h) and LGnR4-3(a)-(b) by October 31, 2025.

DATED this 1st day of October 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE